# Order

Michigan Supreme Court
Lansing, Michigan

December 30, 2020

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

160150

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

ANTHONY MICHAEL OWEN,
        Defendant-Appellee.

SC: 160150
COA: 339668
Ionia CC: 2015-031675-AR

_____/

On November 12, 2020, the Court heard oral argument on the application for leave to appeal the July 23, 2019 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

ZAHRA, J. (*dissenting*).

I dissent from the Court's denial of leave. In my view, the Court of Appeals clearly erred by concluding that the arresting deputy sheriff made an unreasonable mistake of law regarding the applicable speed limit that justified the traffic stop of the defendant's vehicle. The Court of Appeals failed to assess this case from the objective perspective of the deputy. I would reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court, which ruled that the deputy's actions were objectively reasonable and highlighted the absence of any indicia of bad faith on the deputy's part.

In 2015, defendant was stopped by a deputy of the Ionia County Sheriff's Department for speeding on southbound Parsonage Road while driving at 43 miles per hour; evidence obtained as a result of the stop resulted in his arrest for operating a vehicle while visibly impaired, MCL 257.625(3), and being a concealed pistol licensee in the possession of a firearm while intoxicated, MCL 28.425k(2).

At that time, the vicinity of the road at which defendant was stopped displayed no southbound-posted speed limit, but there was a northbound-posted speed limit of 25 miles per hour. The 25-miles-per-hour sign was not legally posted, according to the circuit court. The Court of Appeals affirmed, and I accept the premise that the legal speed limit—both northbound and southbound—was 55 miles per hour, and that defendant was driving slower than 55 miles per hour when he was stopped. The sole issue here, accepting the above premise, is whether the traffic stop violated the Fourth Amendment.

"A traffic stop for a suspected violation of law is a 'seizure' of the occupants of the vehicle and therefore must be conducted in accordance with the Fourth Amendment."[1]  Such a "seizure[] based on mistakes of fact can be reasonable."[2]  Similarly, such a seizure "can rest on a mistaken understanding of the scope of a legal prohibition."[3]  However, "the Fourth Amendment tolerates only *reasonable* mistakes, and those mistakes—whether of fact or of law—must be *objectively* reasonable."[4]  In my view, it was objectively reasonable for an officer in the deputy sheriff's position to believe that: (a) the applicable speed limit was 25 miles per hour on northbound Parsonage Road by the explicit posting of such a limit; (b) there was no distinctive traffic, safety, or other signage of southbound Parsonage Road compared to northbound Parsonage Road; and (c) the applicable speed limit statutes in effect at the time, MCL 257.627, MCL 257.628, and MCL 257.629,[5] reflect a single speed limit for a particular "highway segment[]" or "highway[]," as those terms may reasonably be understood as contemplating that lanes of travel on a single highway extend in both directions of the highway, and if not otherwise signaled, the speed limit would be the same in both directions.  Accordingly, although he was mistaken, it was objectively reasonable for the deputy sheriff to have surmised that the applicable speed limit was 25 miles per hour on southbound Parsonage Road and to therefore stop defendant on the basis of that understanding.  For these reasons, I respectfully dissent from our order denying leave to appeal.  I would instead reverse the judgment of the Court of Appeals and reinstate defendant's convictions and sentences.

MARKMAN and VIVIANO, JJ., join the statement of ZAHRA, J.

---

[1] *Heien v North Carolina*, 574 US 54, 60 (2014).

[2] *Id*. at 61.

[3] *Id*. at 60.

[4] *Id*. at 66.

[5] This section has since been repealed.  See 2016 PA 445.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 30, 2020



Clerk

t1229